## Herman v. Herman

*J. Francis Yake, Jr.*, for plaintiff.

SHEELY, P. J., March 4, 1950.—The complaint in this case was filed July 26, 1949. The sheriff made return on August 10, 1949, that he could not find defendant, and plaintiff then proceeded in an effort to secure service upon defendant by publication.

A return or affidavit of "not found" cannot be made until the period for service has expired: Note to Pa. R. C. P. 1124; Parker v. Parker, 20 Dist. R. 304 (1910); Jansen v. Jansen, 16 Dist. R. 418 (1906); Colkitt v. Colkitt, 39 D. & C. 687 (1940). Under Pa. R. C. P. 1013 the sheriff is directed to make return immediately when service has been made but not until the expiration of the period allowed for service if service has not been made, and under Pa. R. C. P. 1009 the sheriff has 30 days after filing within which to serve a complaint. The complaint in this case having been filed on July 26, 1949, the sheriff had 30 days thereafter in which to serve it and could not make a return of "not found" until August 25, 1949. A return of "not found" on August 10, 1949, was therefore premature and invalid. The subsequent procedure was therefore insufficient to give the court jurisdiction and any decree entered would be subject to attack by defendant at any time because of lack of jurisdiction.

It is further noted that the sheriff mailed a copy of the complaint to defendant at his last known address as shown by the complaint during the initial 30-day period. There was no warrant for this—the only time the sheriff is required to mail a notice to defendant is when service is made by publication and that notice is required to be a "notice of the pendency of the action." A copy of the complaint would be a sufficient notice of the pendency of the action, but in this case the com-

plaint was not mailed after the sheriff received the order of publication, but was mailed immediately after the filing of the complaint. While the purpose of the rule was probably complied with—an effort was made to give defendant actual notice—it is advisable to follow the procedure prescribed by the rules.

We have not overlooked the fact that notice of the master's hearing was served personally on defendant. This gave him actual notice of the pendency of the action, but was not sufficient to give the court jurisdiction. Not having been served with a copy of the complaint, as required by the rules, defendant was under no obligation to comply with the master's notice. It has been held that a decree will not be granted even where service was properly obtained by publication and the testimony shows that defendant is residing in an adjoining county but has not been personally served: Hudkins v. Hudkins, 60 York 115. In this case defendant is now residing in Adams County.

The testimony is sufficient to justify a decree and it is unfortunate that the record will not support a decree.

And now, March 4, 1950, the record in this case is referred back until such time as proper jurisdiction of defendant has been acquired.